

# NUMBER 13-21-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DANTE FLORES-DEMARCHI,**                     **Appellant,**

**v.**

**MELISSA SMITH AND JOSE GARCIA,**           **Appellees.**

---

### On appeal from the 206th District Court of Hidalgo County, Texas.

---

# SUPPLEMENTAL MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Marion[1]**
**Supplemental Memorandum Opinion by Chief Justice Contreras**

Appellees Melissa Smith and Jose "Pepe" Garcia filed a defamation suit against

appellant Dante Flores-Demarchi. Flores-Demarchi moved to dismiss the suit under the

---

[1] The Honorable Sandee Bryan Marion, Senior Chief Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

Texas Citizens Participation Act (TCPA), and the trial court denied the motion. On June 30, 2022, we held that the trial court erred in denying the motion to dismiss. *Flores-Demarchi v. Smith*, Nos. 13-21-00303-CV & 13-21-00304-CV, 2022 WL 2348056 (Tex. App.—Corpus Christi–Edinburg June 30, 2022, no pet. h.) (mem. op.) (concluding that the claims should have been dismissed pursuant to the TCPA because appellees failed to produce clear and specific evidence of actual malice).

The cause is now before this Court on appellees' "Amended Motion for Rehearing and Amended Motion for En Banc Reconsideration" and Flores-Demarchi's "Motion to Abate Appeal and Expedite Mandate." In his motion, Flores-Demarchi states that he and appellees reached a settlement agreement on October 19, 2022, "and now desire the Court to abate this matter so that the trial court may dispose of the case." The motion also asks us to "expedite the issuance of [the] mandate." The motion was not filed jointly and does not contain a certificate of conference. *See* TEX. R. APP. P. 10.1(a)(5); TEX. R. APP. P. 18.1(c) ("The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party."). We therefore construe the motion as a motion for voluntary dismissal of the appeal under Texas Rule of Appellate Procedure 42.1(a)(1). *See* TEX. R. APP. P. 42.1(a)(1) ("In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled."); *see also* TEX. R. APP. P. 42.1(a)(2)(c) (stating that we may "abate the appeal and permit proceedings in the trial court to effectuate [a settlement] agreement" only "[i]n accordance with an agreement signed by the parties or their attorneys and filed with the clerk").

Having reviewed the parties' motions and the record, we conclude the appeal

should be dismissed. Accordingly, we hereby withdraw our judgment of June 30, 2022 in cause number 13-21-00303-CV; however, we do not withdraw memorandum opinion issued on that date. *See* TEX. R. APP. P. 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued."). Flores-Demarchi's "Motion to Abate Appeal and Expedite Mandate," which we construe as a motion to dismiss, is granted, and the appeal in cause number 13-21-00303-CV is dismissed in accordance with the motion. *See* TEX. R. APP. P. 42.1(a)(1). Further, appellees' "Amended Motion for Rehearing and Amended Motion for En Banc Reconsideration" is dismissed as moot. Costs of the appeal will be assessed against Flores-Demarchi. *See* TEX. R. APP. P. 42.1(d). Because the appeal is dismissed pursuant to Flores-Demarchi's motion, no motion for rehearing will be entertained, and our mandate shall issue forthwith.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
3rd day of November, 2022.

3